**Dorothy BURNETTE, Appellant,**

v.

**SCHOOL BOARD OF CITY OF VIRGINIA BEACH, and E. E. Brickell, Superintendent of Schools of the City of Virginia Beach, Appellees.**

**No. 75–1370.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 12, 1975.

Decided Jan. 19, 1976.

S. Delacy Stith, Charlottesville, Va. (Edward Delk, Norfolk, Va., on brief), for appellant.

Jack E. Greer, Norfolk, Va. (Williams, Worrell, Kelly & Greer, Norfolk, Va., Jay A. Richardson, Virginia Beach, on brief), for appellees.

Before WINTER, CRAVEN and WIDENER, Circuit Judges.

PER CURIAM:

This is an appeal by a school librarian from the decision of the district court affirming her dismissal from employment.

■ In the administrative hearing before the School Board, plaintiff was denied the right of formal cross-examination; but the witnesses against her were present and questions were propounded to the librarian, Mrs. Chandler, by members of the Board; and she answered them. Subsequently at the trial in United States District Court the merits of the dismissal were fully explored, and the same two witnesses were offered to show the incompetency of the plaintiff. We need not presently decide when and to what extent there may be a right of cross-examination in the School Board administrative context because we are convinced from the testimony emerging in the district court that the failure to afford the right to cross-examine before the Board was harmless beyond a reasonable doubt. As the district judge said:

> In the hearing held May 19–20, 1974 in this Court, where any conceivable doubts as to the correctness of the board's findings were dispelled, the cross-examination of Mrs. Cauthen and Mrs. Chandler was short and unproductive. The few questions under cross-examination were asked for clarification of previous testimony.

Otherwise the administrative proceedings were unexceptionable.

■ We do not base our decision on the district court's conclusion that cross-examination was "unproductive." The right to cross-examine is not dependent, of course, on results. But here there was no attempt to alter the damaging impact of the direct testimony nor even to challenge credibility. Thus where the opportunity to cross-examine was afforded, there was no real effort to utilize it. On these facts we cannot say that procedural due process was denied Ms. Burnette by the School Board.

For the reasons stated by Judge MacKenzie in a painstakingly careful analysis of the issues, we are convinced Ms. Burnette was discharged for cause and not for any invidious reason.

*Affirmed.*